IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>LAMONT HARPER,<br><br>Defendant. | No. CR05-3008<br><br>ORDER |

This matter comes before the court pursuant to defendant's June 9, 2005, pro se motion for substitution of counsel (docket number 107), his attorney Jonathan Hammond's June 10, 2005, motion to withdraw as counsel (docket number 110), and the defendant's June 10, 2005, motion to withdraw his guilty plea (docket number 109). The court held a hearing on the motions to withdraw on June 15, 2005, at which the defendant was present by telephone and represented by Jonathan Hammond. Counsel for the government was excused due to a concern that matters protected by the attorney-client privilege may have to be revealed in order for the motion to be resolved.

The defendant appeared before the court on May 27, 2005, to enter a guilty plea to Counts 1 through 5 of the Indictment. The government refused to offer a plea agreement that did not involve the defendant's cooperation. Because the defendant did not want to cooperate against family members, the defendant chose to plead "straight-up" to all counts of the indictment against him.

At the guilty plea hearing, the defendant expressed considerable concern about pleading guilty to a conspiracy involving 50 grams or more of crack cocaine. At one point, the hearing was recessed so that the defendant could speak with his lawyer after he failed to admit to facts that would support a conspiracy charge. He later came back into

1

open court and agreed to a factual basis identified by his lawyer that supported the conspiracy charge and then agreed that 50 grams or more of crack cocaine was involved.

The government received very mixed results at a trial of co-defendants. The defendant now wishes to withdraw his guilty plea and moves for substitution of counsel. In support of his motion for substitution of counsel, the defendant alleges that Mr. Hammond displayed a "negative attitude" from the outset of this case. The defendant goes so far as to say that Mr. Hammond talked to him about selecting a particular prison camp for incarceration.[1] The defendant further states that Mr. Hammond did not believe that the defendant could win at trial, that he would get less time in prison if he pleaded guilty and that he would be released pending sentencing if he pleaded guilty.

The court detained the defendant following his guilty plea because he had pleaded guilty to an offense carrying a term of incarceration of anywhere from ten years to the rest of his natural life. The defendant is supportive of his family and was working at the time of his plea. While commendable, the court did not find these facts to be extraordinary so as to secure the defendant's release pending sentencing. The defendant gave the impression that he was devastated by the order of detention. The court believes that the combination of his detention and his co-defendant's success at trial cause him to want to begin these proceedings anew.

As set forth in the conclusions of law below, the defendant is entitled to withdraw his guilty plea because it has not yet been formally accepted by the District Court. Thus, the defendant will get the relief that he is seeking. Beyond this, the court finds no reason for substitution of counsel. In his effort to withdraw his guilty plea, the defendant contends that he was pressured into this result by his court-appointed attorney. However, at the guilty plea proceeding, the defendant specifically stated that no one had tried to force, pressure, or coerce him into his plea of guilty. Other matters that the defendant complains about pertain to reasonable trial strategy and Mr. Hammond's considered advice

---

[1] The court does not believe this.

2

concerning the defendant's likelihood of success at trial. Nothing in the law requires a defense attorney to enthusiastically endorse the prospects for trial when he or she does not genuinely believe in his or her ability to produce a favorable result. There has been no breakdown in communications and no conflict of interest. Mr. Hammond is one of the most experienced, effective lawyers in this court and has worked hard on Mr. Harper's behalf.

## CONCLUSIONS OF LAW

On December 1, 2002, amendments to the Federal Rules of Criminal Procedure became effective by order of the Supreme Court of the United States. See United States v. Lozano, No. 02-3217, 2003 WL 1913016, at *1 (8th Cir. Apr. 21, 2003). Prior to this date, Fed. R. Crim. P. 32(e), which is now renumbered as Fed. R. Crim. P. 11(d), provided that "[i]f a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 11(d)(2), quoted in Lozano, 2003 WL 1913016, at *1. Under this prior standard, the Eighth Circuit held that the fact that a court "had not yet formally accepted the plea [was] not determinative," as long as the fair and just reason standard was satisfied. United States v. Payton, 168 F.3d 1103, 1105 (8th Cir. 1999), quoted in Lozano, 2003 WL 1913016, at *1.

However, the amended Federal Rules of Criminal Procedure have lowered the threshold necessary for the withdrawal of a guilty plea before formal acceptance of the plea by the District Court, thus rendering acceptance determinative in whether Fed. R. Crim. P. 11(d)(1) or 11(d)(2) applies. Lozano, 2003 WL 1913016, at *1. Under current Fed. R. Crim. P. 11(d)(1), "A defendant may withdraw a plea of guilty . . . before the court accepts the plea, for any or no reason." Thus, as long as a motion for withdrawal of a guilty plea is made before the plea is formally accepted by the District Court, the plea may be withdrawn without any reason. Lozano, 2003 WL 1913016, at *1; see United States v. Gamble, 327 F.3d 662, 664 n.3 (8th Cir. 2003).

3

Upon the foregoing,

IT IS ORDERED

The defendant's June 9, 2005, pro se motion for substitution of counsel (docket number 107) and his attorney Jonathan Hammond's June 10, 2005, motion to withdraw as counsel (docket number 110) are denied. The defendant's June 10, 2005, motion to withdraw guilty plea (docket number 109) is granted.

June 16, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT